LERA REALTY CO., INC., Appellant, v. ECKHARDT-BERMAN CORPORATION, Respondent.— In a summary proceeding to recover possession of real property, the landlord appeals from a final order of the City Court of Mount Vernon dismissing the petition. Order affirmed, with costs. Nolan, P. J., Carswell and Adel, JJ., concur; Wenzel, J., dissents and votes to reverse the final order and to remit the proceeding to the City Court for the entry of a final order in favor of appellant, with the following memorandum: The lease under which respondent has been in occupancy of the subject premises is dated November 1, 1947, and it was granted to respondent by Reinbar Holding Corporation, which was then the owner of the premises. Ten days after the date of the lease, and on November 11, 1947, the said lessor entered into a contract to sell the building, in which the leased premises are located, to Meyer E. Goldstein, and, in pursuance of this contract and an assignment thereof by Goldstein, title was conveyed on December 22, 1947, to the appellant, of which Goldstein was president. All the capital stock of the lessor was owned by seven siblings and three of them owned all the capital stock of respondent. The lease, which was for a term of five years and two months, ending on December 31, 1952, contained a provision giving the tenant an option to renew it for an additional term of five years, upon giving the landlord six months' notice by registered mail of intention to exercise the option. It is appellant's version that no notice of renewal was given and that, therefore, it was entitled to possession at the expiration of the original term of the lease. On the other hand, respondent's evidence was that on November 18, 1947, between the dates of the making of the contract of sale and the eventual transfer of title, the tenant's letter, purporting to give notice of election to exercise the option to renew, was delivered personally to an officer of the lessor-vendor; and that at the time of the closing of title a letter of the lessor-vendor, signed by the president thereof, and addressed to appellant, was delivered to Goldstein as president of appellant. This latter letter states that it confirms previous notification to Goldstein that respondent had exercised the option to renew. Respondent's said letter was admittedly never transmitted to appellant, and Goldstein testified that he had not in fact been given the said letter of the lessor-vendor, and that he had not ever been otherwise notified of the claimed renewal notice of the respondent. Further, the attorney who represented appellant in the conveyance transaction testified that he had not seen any letter being delivered to Goldstein at the

time of the closing; that he had never seen the letter of the lessor-vender which was claimed to have been delivered to Goldstein at that time; and that he had never been given any notice, up to and including the time of the consummation of the transaction, that the respondent had exercised the option. In view of the close linking of the management of the lessor-vendor corporation and the respondent corporation, and the fact that respondent's asserted letter of renewal never left the lessor-vendor's possession, even if in fact given to the lessor-vendor, whereas no writing chargeable to the respondent, exercising the right of renewal, was ever given to appellant, I am of the opinion that respondent's letter, if in fact given to the lessor-vendor, was not given without reservation. The closely linked management of the lessor and lessee corporations effectively retained the power to take a position inconsistent with an effective renewal of the lease. Under the circumstances it is my conclusion that the option was not effectively exercised. The appellant is entitled to a final order in its favor. Schmidt, J., concurs with Wenzel, J. [See *post*, p. 740.]